**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

ROY MANDELL SMITH,      :
     aka GOD ALMIGHTY,    :
                            :
     **Plaintiff,**           :
                            :
**VS.**                        :       **CASE NO. 5:17-CV-00196-CAR-MSH**
                            :
**WILLIAM POWELL,**      :
                            :
     **Defendant.**        :
_____ :

## ORDER AND
## REPORT AND RECOMMENDATION

Presently pending before the Court are Plaintiff's motions for injunctive relief, summary judgment, judgment on the pleadings, and for a final order. (ECF Nos. 11, 17, 29, 31, 35, 36.) For the reasons explained below, it is recommended that Plaintiff's motions for injunctive relief be denied. His remaining motions are denied.

## BACKGROUND

Plaintiff states he was placed in the Special Management Unit ("SMU") Tier III program when he was transferred to the Georgia Diagnostic and Classification Prison ("GDCP") on October 17, 2014. (ECF No. 1 at 4). He remains in the SMU despite "never receiving any written infraction or disciplinary reports to justify" the placement. (ECF No. 1 at 4).

Plaintiff focuses on Deputy Warden William Powell's refusal to remove him from the SMU starting on May 26, 2016 and continuing until the present day. Compl. 5.

Plaintiff claims that Powell's refusal constitutes "ongoing retaliation." Compl. 5. Specifically, Plaintiff states that his name "Roy Mandell Smith" translates to "God Almighty" and Powell refuses to release him from involuntary confinement in the SMU because he calls himself "God Almighty." Compl. 1, 5. Plaintiff alleges that he sought to be released from the SMU during his ninety-day reviews on May 26, 2016, August 25, 2016, October 25, 2016, January 3, 2017, and April 5, 2017. Compl. 5. But, without justification, Powell ordered that he remain in the SMU. Compl. 5. According to Plaintiff, he has not received a disciplinary report, attended a disciplinary hearing, or been found guilty of any underlying offense. Instead, Powell is simply punishing him by involuntarily confining him in the SMU because Plaintiff claims he is God. Compl. 5.

After a preliminary review of Plaintiff's Complaint, only his claim against Defendant Powell for retaliation was allowed to proceed. Prior to Defendant answering the Complaint, Plaintiff filed a motion titled and docketed as a "demand for injunctive relief and motion for summary judgment." (ECF No. 11.) Therein, Plaintiff seeks judgment because Defendant failed to file an answer. Plaintiff then filed a motion for a final judgment from the magistrate judge. (ECF No. 17.) He states that the parties have fully consented to the magistrate judge hearing the case and asks the undersigned to issue a final order. Plaintiff then filed a motion seeking injunctive relief against Defendant and several non-parties for retaliating against Plaintiff by not holding 90 day SMU review hearings. (ECF No. 29.) On December 19, 2017, Plaintiff filed another motion titled a motion for injunctive relief (ECF No. 31), but which merely again seeks a final judgment or to set trial for 2018. Plaintiff then on January 5, 2018, filed another motion seeking a

final judgment claiming that Defendant's request for extensions of the discovery period proves that Defendant is violating his constitutional rights. (ECF No. 35.) Finally, on January 24, 2018, Plaintiff filed a motion seeking injunctive relief claiming that his classification to SMU was again reviewed without a hearing. (ECF No. 36.) These motions are ripe for review.

## DISCUSSION

### I. Plaintiff's motion for an entry of default

Although titled as a motion for injunctive relief and summary judgment, Plaintiff's motion filed on July 11, 2017, is best construed as a motion for entry of default against Defendant Powell. Therein, Plaintiff states that Defendant was ordered to file an answer or response but he has failed to do so. Consequently, Plaintiff contends he is entitled to judgment. Mot. for Inj. Relief & Summ. J. 1, ECF No. 11.

Rule 55 of the Federal Rules of Civil Procedure provides that a clerk "must enter [a] party's default" when that party "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Federal Rules of Civil Procedure Rule 4 covers the issue of service. Rule 4(d) states that when a waiver of service is requested, as was in this case, a defendant must be given "a reasonable time of at least 30 days after the request was sent" to return the waiver. Fed. R. Civ. P. 4(d)(1)(F). Additionally, if a defendant files a waiver, he has "60 days after the request was sent" to file an answer or responsive pleading to the complaint. Fed. R. Civ. P. 4(d)(3).

Although Defendant Powell did not file the waiver of service in this action, it is clear that he waived service. The USM 285 Process Receipt and Return was issued on

June 6, 2017. (ECF No. 8.) The Process Receipt and Waiver of Service were mailed the following day on June 7, 2017. (ECF No. 9.) Assuming Defendant waived service, he had sixty days from June 6 within which to file an answer or other responsive pleading.

Defendant Powell timely filed an Answer on August 4, 2017. (ECF No. 16.) Plaintiff's assertion that Defendant failed to answer or otherwise respond is belied by the record. Plaintiff is not entitled to an entry of default or a default judgment. His motion (ECF No. 11) is consequently denied.

## II. Plaintiff's motions for a final judgment by the magistrate judge

Plaintiff also files three motions seeking a "final judgment." In the first, he claims that the parties have fully consented to the jurisdiction of the magistrate judge and thus the undersigned should issue a final judgment. (ECF No. 17.) In the second, he contends that Defendant's counsel asked for an extension of time to complete discovery as a "stall tactic" and that Defendant will be unable to meet the extended discovery deadline. (ECF No. 31.) Plaintiff further seeks that a trial be set for January 2018 and judgment be entered in his favor. Finally, Plaintiff filed a third motion seeking judgment. (ECF No. 35.) Therein, Plaintiff argues that counsel's second request for an extension of the discovery deadlines proves that Defendant is guilty of retaliation and that judgment should be entered in Plaintiff's favor.

Plaintiff's motions described above are denied. First, Plaintiff is incorrect in his assumption that Defendant consented to have a magistrate judge try this case. Second, the Court considered each of Defendant's motions for an extension of time to extend discovery and found good cause prior to granting the motions. Plaintiff's assertions that

4

Defendant is attempting to stall the litigation is unsupported by any evidence in the record. Finally, even if the Court found that Defendant or his counsel was attempting to stall the progress of this case, that would not automatically entitle Plaintiff to an entry of judgment in his favor. Plaintiff's motions (ECF Nos. 17, 31, 35) are thus denied.[1]

## III.    Plaintiff's motions for injunctive relief

Plaintiff filed two motions seeking the same relief—an injunction ordering Defendant Powell and other personnel to release Plaintiff into general population at Georgia Diagnostic and Classification Prison. (ECF Nos. 29, 36.) Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

Plaintiff's motions should be denied because he cannot show a substantial likelihood of success on the merits or that such an injunction would not be adverse to the public interest. Plaintiff states without support that he can prove that Defendant Powell has retaliated against him by keeping him in SMU. Such unsupported and self-serving statements are not sufficient to entitle Plaintiff to a preliminary injunction. Moreover,

---

[1] The Court notes that discovery has closed in this case. Dispositive motions are due on February 22, 2018.

Plaintiff seeks to have this Court interfere with a prison's housing decisions. Such an injunction would directly conflict with the long-standing principle that prison administrators should be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Plaintiff has thus failed to show that he is entitled to injunctive relief and it is recommended that his motions (ECF Nos. 29, 36) be denied. *See, e.g., All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites.").

## CONCLUSION

For the reasons explained above, Plaintiff's motions for an entry of default (ECF No. 11) and for final judgment (ECF Nos. 17, 31, 35) are denied. It is recommended that his motions for injunctive relief (ECF No. 29, 36) be denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1)

waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 6th day of February, 2018.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE