# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROY MANDELL SMITH, *Plaintiff*, v. WILLIAM POWELL, *Defendant*. | CIVIL ACTION NO. 5:17-cv-00196-TES-MSH |

## ORDER DENYING MOTION TO DISQUALIFY JUDGE

Before the Court is Plaintiff's Motion to Disqualify Judge [Doc. 67] pursuant to 28 U.S.C. § 455. In his motion, Plaintiff seeks recusal of the undersigned based on "bias" and "knowledge of disputed evidentiary facts concerning" his case. [Doc. 67 at p. 2].

28 U.S.C. § 455 generally provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also enumerates certain other circumstances requiring a judge to disqualify himself. 28 U.S.C. § 455(b)(1)–(5). In essence, Plaintiff's primary complaint is that the Court is biased towards him.

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the

judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case.").

In this case, Plaintiff has not pointed to any specific facts showing that any sort of extrajudicial bias existed, nor has Plaintiff demonstrated that the Court's rulings exhibit "such a high degree of . . . antagonism as to make fair judgment impossible" or that any judge involved in his cases in this district have a bias toward Plaintiff "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555. It is clear that "rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice." *See Maret v. United States*, 332 F. Supp. 324, 326 (E.D. Mo. 1971). Therefore, Plaintiff's contention that judges assigned to his case allegedly make "bad

court decision(s), . . . totally disregard the Plaintiff's protected U.S. Constitutional 1st & 13th Amendment right(s)," or otherwise rule against him somehow exhibits pervasive bias and prejudice is simply incorrect. [Doc. 67 at p. 1].

Secondly, the standard under 28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Again, Plaintiff fails to establish any personal or pervasive bias on the part of the undersigned or on behalf of Magistrate Judge Hyles, and Plaintiff also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge. Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal. *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999) (per curiam). Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal. *See id.* Plaintiff has not asserted that such knowledge exists here.

In sum, Plaintiff's contentions that the undersigned and Magistrate Judge Hyles have not ruled in his favor are not alone sufficient to merit recusal, and Plaintiff has also failed to show that the Court harbors the type of pervasive bias or prejudice against him that would otherwise require recusal. Moreover, the Court entered its Judgment [Doc.

3

66] in this case on September 19, 2018, and Plaintiff failed to undertake any subsequent appeal of that Judgment. Instead of timely filing a Notice of Appeal, Plaintiff filed the instant motion on October 2, 2018, and in accordance with the Judgment and Defendant's Bill of Costs, the Clerk of Court subsequently assessed his Taxation of Costs against Plaintiff. *See* [Docs. 69–70]. Accordingly, Plaintiff's motion is effectively rendered moot by his failure to timely appeal the Court's Judgment and his Motion to Disqualify Judge [Doc. 67] is **DENIED**.

**SO ORDERED**, this 18th day of March, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**